JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

16-cv-6206

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

16  6206

## I. (a) PLAINTIFFS
Alkasala, Inc.

### DEFENDANTS
Patten, D. Andrew

(b) County of Residence of First Listed Plaintiff  CHESTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  CHESTER
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael C. Petock (#93,692)
1220 Valley Forge Rd., Unit 46
P.O. Box 856
Valley Forge, PA 19482 (610) 935-8600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | | ☐ 465 Other Immigration Actions | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Lanham Act, 15 U.S.C. §1125(a)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ TBD

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

NOV 29 2016

DATE  11/29/2016

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

JS 44 Reverse (Rev. 07/16)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.
 Original Proceedings. (1) Cases which originate in the United States district courts.
 Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
 Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing
 Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
 Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
 Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
 Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
 **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
 Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
 Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**16  6206**

Address of Plaintiff: 314 S. High Street West Chester, PA

Address of Defendant: 131 N. High Street West Chester, PA

Place of Accident, Incident or Transaction: Chester County
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☑

Does this case involve multidistrict litigation possibilities?     Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐  No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) Trademark

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Michael C. Petock, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 11/29/2016     Michael C. Petock     93,692
Attorney-at-Law     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

NOV 29 2016

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/29/2016     Michael C. Petock     93,692
Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Alkasala, Inc.              :           CIVIL ACTION

       v.            :

D. Andrew Patten           :           NO. 16  6206

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

| | | |
|---|---|---|
| 11/29/2016 | Michael C. Petock | Plaintiff |
| Date | Attorney-at-law | Attorney for |
| (610) 935-8600 | (610) 933-5300 | MPCiPlaw-Petock.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

NOV 29 2016

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

$400

**JHS**

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Alkasala, Inc. d/b/a Spence On High Street : <br> 314 S. High Street : <br> West Chester, PA 19382 : <br> : <br> v. : <br> : <br> D. Andrew Patten : <br> 131 N. High Street : <br> West Chester, PA 19382 : <br> : | **16   6206** <br><br> Civil Action No: <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Alkasala, Inc. d/b/a Spence on High Street brings its claims against D. Andrew Patten for declaratory and injunctive relief, damages, and other appropriate relief arising out of his violations of the Lanham Act, 15 U.S.C. §1125(a), as well as his State and common law unfair competition, unfair trade practices, commercial disparagement and unjust enrichment.

**Parties, Jurisdiction and Venue**

1. Plaintiff, Alkasala, Inc. is a Pennsylvania corporation having a principal place of business at 314 S. High Street, West Chester, PA 19382 (hereinafter referred to as "Alkasala, Inc." or "Plaintiff").

2. Defendant, D. Andrew Patten, is an individual who, on information and belief, is a Pennsylvania citizen, and resides within the Eastern District of Pennsylvania, and according to the Pennsylvania Department of State is the registered owner of the fictitious name "Spence Cafe" which is a business that operates in West Chester,

Pennsylvnia (hereinafter sometimes referred to as "Andrew Patten"). On information and belief, Andrew Patten at all relevant times directed, controlled and ratified, and personally performed, the actions of the business known as Spence Cafe including, *inter alia*, the tortious acts of trademark infringement, unfair competition and commercial disparagement complained of herein.

3. This Court has personal jurisdiction over Andrew Patten by virtue of his transaction of business and his residence in this District.

4. This Court has subject matter jurisdiction over these claims by virtue of the Lanham Act, 15 U.S.C. Sections 1051-1141, and particularly on the basis of 15 U.S.C. § 1121 and 1125(a), the Declaratory Judgment Act, 28 U.S.C. §2201, as well as pursuant to 28 U.S.C. §1331 (Federal Question), 28 U.S.C. §1338 (jurisdiction over civil actions arising under the Trademark Act and supplemental claims of unfair competition) and 28 U.S.C. §1367 (Supplemental Jurisdiction).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a), (b) and (c) because Andrew Patten transacts business in this District, and Andrew Patten resides in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## Background Information

6. On information and belief, from late 2006 to approximately mid-2010 a restaurant named SPENCE CAFE operated at 29 E. Gay Street in West Chester, Pennsylvania.

2

7. On information and belief, during the approximately three and a half years SPENCE CAFE was open, Defendant Andrew Patten served as its chef and claimed to be its owner.

8. The reviews of SPENCE CAFE were mixed at best and the restaurant permanently closed in 2010 with no subsequent use of the mark by anyone until November, 2016.

9. Subsequent to the closing of SPENCE CAFE in 2010, any rights that may have been created in the mark SPENCE CAFE or any similar mark as a result of such use were abandoned.

10. Approximately four years after SPENCE CAFE closed, a local restaurateur, Vasilios Moscharis (hereinafter "Bill Moscharis"), planned to open a new dining establishment in West Chester, Pennsylvania and offered Andrew Patten employment as the chef.

11. Andrew Patten accepted Bill Moscharis' offer of employment and in the course of preparations to open the new restaurant unconditionally suggested to Bill Moscharis that he use the term "SPENCE" in the name.

12. The restaurant opened on October 30, 2014 as SPENCE 312 with Andrew Patten employed as chef and Bill Moscharis as proprietor.

13. At no time during his employment at SPENCE 312 did Andrew Patten suggest or imply that use of the mark was pursuant to a license or that such use inured to his benefit or that he considered himself to be the owner of the mark.

14. To the contrary, up until the sale of SPENCE 312 (as described below) all rights in and to the mark, including all goodwill associated with the

3

mark, inured to the benefit of and were owned by Bill Moscharis or his operating company 28 Vari LLC.

### Sale of SPENCE 312 to Esam Salah and Operation by Plaintiff

15. On or about July 3, 2016 the assets, including all goodwill associated with the business known as SPENCE 312 were sold, transferred and assigned from Bill Moscharis and 28 Vari LLC to Esam Salah.

16. Substantially concurrently with the aforementioned sale and purchase of the assets of SPENCE 312, Esam Salah agreed with Plaintiff that the restaurant would be operated and managed by Plaintiff and that all trademark rights associated with the operation of the business, including all goodwill associated therewith, would be owned by and inure to the benefit of Plaintiff.

17. Andrew Patten was made fully aware of the above-descried transactions related to the transfer of ownership and management of SPENCE 312 and agreed to remain employed at-will by new ownership and management as chef.

18. On July 3, 2016, Plaintiff commenced operations and management of SPENCE 312.

19. As part of the transition to new management, Plaintiff decided that it would be beneficial from a marketing perspective to change the name of the restaurant to SPENCE ON HIGH STREET.

20. Plaintiff involved Andrew Patten in the discussions regarding changing the name of the restaurant to SPENCE ON HIGH STREET and, in fact, Andrew Patten assisted Plaintiff in the rebranding process by recommending a graphic and website

4

designer to create a new logo and website incorporating the name SPENCE ON HIGH STREET.

21. Plaintiff, including its employee Andrew Patten, began incorporating the new name into its marketing as early a July 15, 2016 when it began answering the phone with the salutation "SPENCE ON HIGH STREET."

22. On July 30, 2016 Plaintiff registered the domain name spenceonhighstreet.com in preparation for the launch of a new, rebranded website.

23. In the meantime Plaintiff continued to also use and market the name SPENCE 312 in connection with its restaurant services.

### Andrew Patten's Termination of Employment As Chef

24. By late August 2016 Plaintiff was experiencing significant problems with Andrew Patten's conduct as chef including complaints from co-workers that he was treating them unduly harshly, problems with him taking time off during working hours and refusing to account for his work hours and business expenses and generally exhibiting unprofessional conduct and a bad attitude.

25. In mid-September, 2016 Andrew Patten instructed his friend who, on information and belief, was an employee or owner of the web hosting company hosting the SPENCE 312 website to take down the website. The website was, in fact, taken down and then held for ransom by the web hosting company.

26. Rather than pay the ransom demanded to restore the website, Plaintiff immediately launched its new website incorporating the new name SPENCE ON HIGH STREET in mid-September, 2016 and otherwise completed its rebranding.

27.     As a result of the above-described acts (and others) Andrew Patten's at-will employment with Plaintiff was terminated on September 27, 2016.

**Plaintiff's Ownership of the Marks at Issue**

28.     Plaintiff has extensively used and promoted the marks SPENCE; SPENCE 312 and SPENCE ON HIGH STREET and similar marks incorporating the term "SPENCE" (the "SPENCE MARKS") in United States commerce from at least as early as the restaurant's opening day on July 3, 2016, which use continues to present.

29.     The SPENCE MARKS are inherently distinctive and/or have acquired secondary meaning by becoming uniquely associated in the minds of consumers as identifying Plaintiff as the source of restaurant services offered and sold under and in connection with the SPENCE MARKS.

30.     Plaintiff is the owner of, and has acquired significant goodwill and public recognition, in and to the SPENCE MARKS for restaurant services.

**Defendant's Infringement, Unfair Competition and Other Unlawful Conduct**

31.     Since the termination of his employment, Andrew Patten has engaged in conduct designed to unlawfully interfere with and disrupt Plaintiff's management and operation of its restaurant.

32.     For example, on information and belief, Andrew Patten has personally, and directed others, to send e-mails and publish online messages and otherwise communicate with Plaintiff's customers, potential customers and vendors encouraging them to stop doing business with Plaintiff and is publishing negative and false information regarding Plaintiff and Plaintiff's restaurant on the web, such as:



33.     On information and belief, customers and potential customers of Plaintiff have decided not to patronize Plaintiff's restaurant or otherwise do business with Plaintiff as a result of Andrew Patten's false communications.

34.     Most egregiously, on or about November 28, 2016 Andrew Patten opened a competing restaurant on High Street in downtown West Chester named SPENCE CAFE just a few blocks from SPENCE ON HIGH STREET.

35.     On information and belief, such adoption and use by Andrew Patten of SPENCE CAFE and similar marks and designations (hereinafter referred to as the "INFRINGING MARKS") was intentional and with full knowledge of Plaintiff's prior rights in the SPENCE MARKS.

36.     The INFRINGING MARKS are confusingly similar to Plaintiff's SPENCE MARKS.

37.     On information and belief, the acts of Andrew Patten have caused, and are likely to continue to cause, consumer confusion as customers and potential customers

7

encountering the INFRINGING MARKS are likely to believe that the restaurant services rendered under the INFRINGING MARKS by Andrew Patten are affiliated with, or sponsored by, or under license from or rendered with the approval of Plaintiff.

### General Allegations

38. On information and belief, Andrew Patten has directed the above acts, including but not limited to the acts of infringement, unfair competition, and commercial disparagement. In many, if not all cases, the above acts were done personally by Andrew Patten.

39. The above acts, including but not limited to the acts of infringement, unfair competition and commercial disparagement have affected and been in interstate commerce.

40. The above acts were done without the permission or license of Plaintiff.

41. The above acts are outrageous and have been done willfully, wantonly and deliberately in conscious disregard for Plaintiff's rights.

42. Plaintiff has suffered damage from the above acts.

43. Defendant's activities as described herein are causing Plaintiff immediate and irreparable harm and will continue to damage Plaintiff unless enjoined by this Court.

44. Plaintiff has no adequate remedy at law.


### FIRST CAUSE OF ACTION FOR A DECLARATORY JUDGMENT THAT PLAINTIFF OWNS THE SPENCE MARKS

45. All of the proceeding paragraphs are incorporated herein by reference the same as if set forth at length.

46. This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and an actual case and controversy exists between the parties that may be adjudicated by this Court consistent with U.S. CONST. art. III, § 2, cl.1.

47. Plaintiff contends that it is the owner of all right, title and interest in and to the SPENCE MARKS and Defendant disputes that Plaintiff is said owner.

48. Plaintiff seeks a declaration from this Court that any previous rights in the mark "SPENCE CAFE" or any similar mark or designation that may have been owned by Defendant or any related company were abandoned, and that that Plaintiff's date of priority in the SPENCE MARKS is earlier than any date of priority that could be claimed by Defendant or any related company in connection with any INFRINGING MARKS.

49. Accordingly, based on such priority, Plaintiff seeks a declaration that it is the exclusive owner of the SPENCE MARKS in the United States.

### SECOND CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (LANHAM ACT)

50. All of the preceding paragraphs are incorporated herein by reference the same as if set forth at length.

51. Defendant's conduct as described herein violates 15 U.S.C. § 1125(a)(1)(A), which specifically forbids:

>  in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
>
>  (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the

9

origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person....

52. Defendant's conduct as alleged above, including its use in commerce of the INFRINGING MARKS for restaurant services, is an infringement of Plaintiff's SPENCE MARKS under the trademark laws of the Unites States, Lanham Act §43(a), 15 U.S.C. § 1125(a)(1)(A).

53. Defendant's conduct is resulting in actual and a likelihood of confusion and resulting in Defendant passing himself and his services off as emanating from, associated with, affiliated with or sponsored or endorsed by Plaintiff.

54. Defendant's actions of trademark infringement and unfair competition have been done willfully and deliberately and were intended to cause confusion, or to cause mistake, or to deceive.

55. Actual confusion of Plaintiffs' customers and others has resulted from Defendants' actions.

56. Plaintiff has suffered damage including but not limited to lost sales from these acts and substantial damage to the SPENCE MARKS.

57. The aforesaid conduct of Defendant is causing immediate and irreparable damage to Plaintiff, including but not limited to Plaintiff's image, goodwill, relationships with potential and actual customers and business relationships, and will continue to damage both Plaintiff and deceive the public unless enjoined by this Court.

58. Plaintiff has no adequate remedy of law.

## THIRD CAUSE OF ACTION FOR COMMERCIAL DISPARAGEMENT

59. All of the preceding paragraphs are incorporated herein by reference the same as if set forth at length.

60. Defendant's false and disparaging communications to Plaintiff's customers and potential customers as described above constitutes the publication of false statements concerning Plaintiff's business.

61. Defendant intended for the publication of his communications to Plaintiff's customers, potential customers and vendors to cause pecuniary loss or reasonably should have recognized that the publication would result in pecuniary loss to Plaintiff including but not only from lost sales to its customers and potential customers.

62. At the time of publication Defendant knew that the statements made about Plaintiff and its services were false or acted in reckless disregard of the truth or falsity of such statements.

63. The publication by Defendant of false statements about Plaintiff and its services was done with malice and with the intent to injure Plaintiff.

64. Pecuniary loss to Plaintiff resulted from Defendant's publication of false statements about Plaintiff and its services.

## FOURTH CAUSE OF ACTION FOR COMMON LAW UNFAIR COMPETITION

65. All of the preceding paragraphs are incorporated herein by reference the same as if set forth at length.

66. This Court has jurisdiction for this claim of unfair competition under 28 U.S.C. § 1338.

67. By virtue of Defendant's acts herein above pleaded, Defendant has engaged in unfair competition with Plaintiff

68. Defendant's conduct was intentional and willful.

69. Plaintiff has suffered damage.

70. Plaintiff has suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.

### FIFTH CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND UNFAIR TRADE PRACTICES UNDER 73 P.S. §201-1 ET SEQ.

71. All of the preceding paragraphs are incorporated herein by reference the same as if set forth at length.

72. By virtue of Defendant's acts herein above pleaded, Defendant has violated 73 P.S. §201-1 et seq.

73. Defendant's conduct was intentional and willful.

74. Plaintiff has suffered damage.

75. Plaintiff has suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.

### SIXTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

76. All of the preceding paragraphs are incorporated herein by reference the same as if set forth at length.

77. By virtue of the conduct described above, Defendant has benefited at Plaintiff's expense, and has or will become unjustly enriched.

78. Plaintiff will suffer an injustice if Defendant is allowed to retain the substantial benefits received without providing restitution to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alkasala, Inc. d/b/a Spence On High Street respectfully requests judgment against Defendant D. Andrew Patten, jointly and severally, as follows:

A.  Preliminarily during the pendency of this case, and thereafter permanently, enjoining Defendant, his agents, servants, directors, principals, officers, employees, successors, assigns, and all those acting under his control or the control of his subsidiaries, affiliates, related companies or divisions and/or on behalf and/or in concert, from:

1.  directly or indirectly infringing the SPENCE MARKS, including by use of the marks "SPENCE," "SPENCE CAFE" or any confusingly similar variations;

2.  directly or indirectly engaging in any acts or activities calculated to trade upon, disparage or otherwise damage the SPENCE MARKS, and/or the reputation or goodwill of Plaintiff, or in any manner to compete with Plaintiff unfairly;

3.  using in the sale, offering for sale, promotion, advertising and/or marketing of his services the marks "SPENCE," "SPENCE CAFE," any mark containing the term "SPENCE" or any mark which is a variant of, substantially similar to, or is confusingly similar to Plaintiff's SPENCE MARKS.

4.  making false or misleading statements that unlawfully disparage Plaintiff's business or commercial activities;

5.  otherwise competing unfairly with Plaintiff.

B.  A Declaration and Judgment that Plaintiff owns all right, title and interest, including the exclusive rights, to the SPENCE MARKS and, as between Plaintiff and

Defendant, that Plaintiff enjoys priority with respect to the SPENCE MARKS and that the Defendant's INFRINGING MARKS are infringing.

      C.     That Defendant be required to cease all use of the domain name containing any of the SPENCE MARKS or any confusingly similar marks, and that such domains names be transferred to Plaintiff.

      D.     That Defendant take all necessary and appropriate action to remove the INFRINGING MARKS, and confusingly similar marks and variants, from its signage, menus, websites, social media accounts and promotional materials and advertisements in any media, including but not limited to, from his internet marketing, and deliver up to Plaintiff for destruction any such tangible infringing items.

      E.     That Defendant take all necessary and appropriate action to remove any false or misleading statements or representations concerning Plaintiff or Plaintiff's services from his advertising and marketing media, including but not limited to, from its internet marketing, and deliver up to Plaintiff for destruction any tangible items bearing such false or misleading statements.

      F.     Directing Defendant and his attorneys to file with this Court and serve upon Plaintiff's counsel within ten (10) days of entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the Court's judgment.

      G.     Ordering that Defendant be required to pay Plaintiff such damages as Plaintiff has sustained as a result of Defendant's unlawful conduct and account for and pay to Plaintiff all gains, profits and advantages derived by Defendant from such unlawful activity.

H. Ordering that Defendant be required to pay Plaintiff an amount appropriate to cover the cost of corrective advertising to correct the damage to Plaintiff's goodwill by reason of Defendant's unlawful conduct.

I. Pursuant to 15 U.S.C. § 1117, that the Court enter judgment for three times the amount of damages, profits and costs and that the Court award reasonable attorney's fees in favor of Plaintiff and against Defendant.

J. That Defendant be required to pay Plaintiff punitive damages for the outrageous and malicious, wanton, reckless, willful and intentional unlawful conduct.

K. That Defendant be required to pay Plaintiff's cost of this action and reasonable attorneys' fees.

L. That Plaintiff be granted such other further relief as may be deemed just by this Honorable Court.

Date: November 29, 2016

Respectfully submitted,

*[signature]*

MICHAEL C. PETOCK, ESQUIRE
Attorney ID No. 93,692
PETOCK & PETOCK, LLC
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 856
Valley Forge, PA 19482-0856
Telephone No. (610) 935-8600
Fax No. (610) 933-9300
mp@iplaw-petock.com

Counsel for Plaintiff
Alkasala, Inc.
d/b/a Spence on High Street

15